UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TAIMARK DICKSON,

    Plaintiff,

v.                                                          Case No. 5:18cv147-TKW-HTC

MICHAEL GARRETT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court upon referral from the clerk. On March 21, 2019, the Court entered an order directing service of process upon Defendant Michael Garrett, the only Defendant in this action. ECF Doc. 19. On April 23, 2019, service was returned unexecuted with a notation "Sgt. Michael Garrett passed away on Sept. 13, 2017." ECF Doc. 21. The undersigned entered an order on April 29, 2019, allowing Plaintiff fourteen (14) days from the date of the order in which to notify the Court whether he intended to proceed with the action in light of Mr. Garrett's death. ECF Doc. 23. The undersigned also advised that, in the event Plaintiff intended to proceed, he had ninety (90) days from the date of the order to file a motion to substitute the proper party and provide an address at which the party could be served. *Id.*; *see also* Fed. R. Civ. P. 25(a)(1).

Plaintiff responded to the order by filing a Motion to Proceed which indicated he intended to provide a proper party for substitution. ECF Doc. 24. Three (3) days later, Plaintiff filed a Motion to Substitute requesting to substitute Warden Blackwood and Gulf Correctional Institution as the Defendants in the action. ECF Doc. 25. The undersigned entered an order advising that neither Warden Blackwood nor Gulf Correctional Institution is a proper party under Federal Rule of Civil Procedure 25, as neither is an appropriate party to represent the decedent officer's interests. ECF Doc. 26. The undersigned allowed Plaintiff the time remaining on the ninety (90) days previously allowed to substitute the proper party, or until July 29, 2019, in which to show cause why the matter should not be dismissed by moving to substitute a proper party in interest. *Id.*

Rather than move to substitute the proper party in interest, Plaintiff filed a Motion for Leave to File a Second Amended Complaint seeking to name Julie L. Jones, Secretary of the Florida Department of Corrections ("FDOC"), as a defendant. ECF Doc. 27. Plaintiff's motion was docketed by the clerk; however, it was deficient because it was not accompanied by the proposed second amended complaint. *See* N.D. Fla. Loc. R. 15.1(A) ("A pleading may be amended only by filing a complete copy of the amended pleading."). Nevertheless, because Plaintiff's motion to amend clearly described his proposed amendment, the Court considered Plaintiff's motion

on its merits and denied the motion because the proposed amendment was futile.[1] ECF Doc. 28.  Once again, the Court gave Plaintiff the time remaining on the ninety (90) days previously allowed to substitute the proper party, or until July 29, 2019, in which to show cause why this matter should not be dismissed by moving to substitute a proper party in interest.  *Id.*

July 29 has passed and Plaintiff has not filed a proper motion for substitution nor requested an extension of time to comply with Rule 25.  Thus, this case should be dismissed pursuant to Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 25(a)(1) and that the clerk close the file.

At Pensacola, Florida, this 5th day of August, 2019.

>    */s/ Hope Thai Cannon*
>    **HOPE THAI CANNON**
>    **UNITED STATES MAGISTRATE JUDGE**

---

[1] The proposed amendment sought to hold the Secretary vicariously liable for the conduct of Garrett but failed to allege that the Secretary was personally involved with the wrongful conduct or establish the casual connection between the Secretary and Garrett's alleged wrongful conduct necessary to state a claim against the Secretary.  ECF Doc. 28.

Case No. 5:18cv147-TKW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.